# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1561V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
JANICE SLOAN,                        *
                                     *
               Petitioner,           *    Filed: February 1, 2019
                                     *
       v.                            *
                                     *    Entitlement; Decision by Proffer; Damages;
SECRETARY OF HEALTH                  *    Pneumococcal 13-valent conjugate
                                     *    ("Prevnar13") Vaccine.
               Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Alison H. Haskins*, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.

*Debra A. Filteau Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On November 22, 2016, Petitioner Janice Sloan filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed reflex sympathetic dystrophy ("RSD"; also known as complex regional pain syndrome, "CRPS") as a result of receiving the pneumococcal 13-valent conjugate vaccine ("Prevnar 13") on August 27, 2015.[3] Petition, ECF No. 1.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] This case was assigned to now-retired Special Master Hastings (ECF No. 6), reassigned to Special Master Corcoran on September 20, 2017 (ECF No. 27), and then reassigned to my docket on December 7, 2017 (ECF No. 21).

On August 28, 2017, Respondent filed a Rule 4(c) Report ("Respondent's Report") in which he concedes that Petitioner is entitled to compensation for her claim of CRPS. Respondent's Report, ECF No. 25. Specifically, Respondent agrees with Petitioner's claim that "[P]etitioner's CRPS, more likely than not, was caused-in-fact by the administration of the pneumonia vaccine on August 27, 2015, and that there is no other cause for [P]etitioner's CRPS identified in her records. *Id*. at 5. Based on a review of the medical records, Respondent states that Petitioner has met the applicable statutory requirements by suffering from CRPS for more than six months and, thus, Petitioner has satisfied all legal prerequisites for compensation under the Act. *Id*.

In light of Respondent's concession, Special Master Corcoran issued a Ruling on Entitlement on September 20, 2017. ECF No. 28. On April 20, 2018, I subsequently ordered the parties to inform the Court on their progress towards resolving damages. *See* Non-PDF Order for 4/20/2018.

Respondent filed a proffer on December 21, 2018 (ECF No. 43), agreeing to issue the following payments:

1) **$170,000.00**, which represents compensation for past and future pain and suffering; and
2) **$531.00**, which represents compensation for past unreimbursed out-of-pocket medical expenses.

These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I, therefore, award compensation in the amount of **a lump sum payment of $170,531.00, in the form of a check payable to Petitioner, Janice Sloan**. The clerk of court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/ Katherine E. Oler
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JANICE SLOAN, | \* | |
| | \* | |
| Petitioner, | \* | No. 16-1561V |
| | \* | SPECIAL MASTER CORCORAN |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.   Items of Compensation**

The Court issued a Ruling on Entitlement on September 20, 2017. Based upon the evidence of record, respondent proffers that petitioner should be awarded the following amounts:

A.   $170,000.00, which represents compensation for past and future pain and suffering;

B.   $531.00, which represents compensation for past unreimbursed out-of-pocket medical expenses; and

These amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

**II.   Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that petitioner be awarded a lump sum payment of $170,531.00 in the form of a check payable to petitioner. Petitioner agrees.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ DEBRA A. FILTEAU BEGLEY
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-4181

Dated: December 21, 2018